```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

TERRANCE CUNNINGHAM            ]
    Plaintiff,             ]
                               ]
v.                             ]       No. 3:14-1486
                               ]       Judge Sharp
DAVIDSON COUNTY SHERIFF'S      ]
OFFICE, et al.                 ]
    Defendants.            ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Hill Detention Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office; Daron Hall, Sheriff of Davidson County; and Dan Weikal, Chief Administrator of the Hill Detention Center; seeking declaratory, injunctive and monetary relief.

On June 30, 2014, a light bulb fell from a ceiling fixture in the plaintiff's cell and broke, splattering him and his cellmate with "florescent powders, phosphorous glass, and debris". The plaintiff complained to a guard of itching and a strange taste in his mouth. The plaintiff was allowed to report to the infirmary where he was treated for his injuries.

Plaintiff appears to suggest that, in the absence of "proper maintenance", he was injured as a result of someone's negligence.

To establish a claim for § 1983 relief, the plaintiff must

plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

In essence, the plaintiff claims that his injuries were a result of the defendants' negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97 S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078,1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662,666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge